SUSAN, The (EDWARDS v.). See Case No. 4,299.

<hr>

## Case No. 13,633.

### The SUSAN E. VOORHIS.

[10 Ben. 380.] [1]

District Court, E. D. New York. March, 1879.

SHIPPING — BOND FOR SAFE RETURN OF VESSEL — ACCOUNTS BETWEEN PART OWNERS — STIPULATION.

1. C., a minority owner of a brig, filed a libel against her to obtain security for her safe return from a voyage from which he had dis-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

sented. The majority owners appeared and agreed to give the security, the vessel was appraised and the security for the interest of C. was given and the vessel was released and sailed on the voyage. The security was a stipulation, entitled and filed in the cause, in the sum of $1,-300, conditioned on the vessel's safely returning "from the said voyage to the port of New York." Afterwards C. filed a supplemental libel, in which he averred the proceedings above mentioned, and that the vessel never returned to the port of New York but was lost at sea. The claimants answered, averring that the vessel returned from the voyage dissented from, to Boston, and was then sent without objection from C. on another voyage, on which she was lost, which was claimed to have been a satisfaction of the stipulation, and setting up also that at the time when the action commenced there were outstanding bills against the vessel, which the majority owners had since paid, and that they were entitled to have the share of such bills which belonged to C. to pay, deducted from any amount due on the stipulation: *Held*, that the return of the vessel to Boston did not satisfy the stipulation, which was conditioned on her returning to New York.

2. The vessel having been lost, the liability of the stipulators to pay the amount of their stipulation was absolute. But they were not liable for interest during the absence of the vessel.

3. The amount which might be found due upon an accounting between the majority owners and C. could not be applied to diminish the liability of the stipulators for the full amount of their stipulation.

In admiralty.

Huntly & Bowers, for libellant.

Beebe, Wilcox & Hobbs, for respondents.

BENEDICT, District Judge. This action was brought by Robert P. Conk, a minority owner of the brig Susan E. Voorhis, to obtain security for the safe return of that vessel from a contemplated voyage to which he had dissented.

The vessel having been seized by virtue of the process, the majority owners appeared as claimants and consented at once to give the security prayed for. Accordingly, by consent, an order was entered, appointing appraisers to ascertain the value of the vessel, and that value having been thus ascertained, by consent, the majority owners gave the security demanded, in the sum of $1,300, and, thereupon, on like consent, the vessel was released from custody and proceeded upon the voyage objected to.

The security referred to was in the form of a stipulation, executed by the claimants and two stipulators, which stipulation was entitled as in this cause, and was duly filed herein on the 6th day of November, 1875. It recites the filing of the libel, the seizure of the vessel, the appearance and filing of a claim by the majority owners, the value of the libellant's interest in the vessel to be $1,300, and then goes on as follows: "And the parties hereto hereby consenting and agreeing that in case of default or contumacy, on the part of the claimants or their sureties, execution for the above appraised value may issue against their goods, chattels and lands.

Now, therefore, the condition of this stipulation is such that if the said brig, her tackle, apparel and furniture, shall safely return from the said voyage to the port of New York, or in case of default, if the stipulators undersigned shall pay the said sum of thirteen hundred dollars ($1,300), and shall at any time upon the interlocutory or final order or decree of the said district court or any appellate court to which the above named suit may proceed, and upon notice of such order or decree to Beebe and Donohue, Esquires, proctors for claimants of said brig, abide by and pay the money awarded by the final decree rendered by the court, or the appellate court, if any appeal intervene, then this stipulation to be void, otherwise to remain in full force and virtue."

The vessel having been thereafter lost at sea before any return to the port of New York, the libellant filed a supplemental libel herein, wherein after setting forth the proceedings above described, it is averred that the vessel, when released from custody, as aforesaid, was despatched by the majority owners upon the voyage dissented from and never returned to the port of New York, but was on the 18th of July, 1877, lost near the mouth of the Godaway river in Hindostan.

To this supplemental libel the claimants filed an answer, in which, after admitting the giving of the stipulation and the despatch of the vessel upon the voyage dissented from they set up that the vessel returned from the voyage dissented from to the port of Boston, which return they insist satisfied the condition of the stipulation they had given; that the return of the vessel to Boston was known to the libellant, and she was permitted thereafter to undertake another voyage without objection from the libellant, on which last mentioned voyage the loss set up in the libel occurred. The claimants further set up that at the time of commencing this action there were bills outstanding against the vessel for repairs done prior to and not in preparation for the voyage dissented from, which bills the majority owners have since paid, and for one-sixteenth of which with interest this libellant is indebted to the majority owners, and this sum they claim to recoup and have deducted from any amount found due upon the stipulation aforesaid.

There being no dispute in regard to the giving the stipulation, the non-return of the vessel to the port of New York, her actual return to the port of Boston and her subsequent loss, the cause has been submitted with the understanding that, if in the opinion of the court the fact that the majority owners have paid bills for the vessel, incurred prior to and not connected with the voyage dissented from, for one-sixteenth of which the libellant is now indebted to the majority owners, is material to the present controversy, evidence in regard to such fact may be taken at a future time.

In regard to the questions thus presented I am of the opinion that the fact that the vessel returned to Boston and again sailed from that port upon a voyage during which she was lost, affords no defence against this demand.

The undertaking of the stipulation was clear and unmistakable, that the vessel should safely return from the then projected voyage to the port of New York, or, in case of failure so to return, that the stipulators would pay the sum of $1,300. A return to Boston was not a return to New York, and the failure to return to New York renders the stipulators liable upon their stipulation, for the amount thereof.

It being admitted that the vessel is lost, the liability of the stipulators has become absolute to pay the full amount of their stipulation. Their liability, however, cannot be extended beyond that amount. They are not liable for interest during the absence of the vessel, and can be charged with interest only from the time of entry of a decree upon the stipulation, the terms of the stipulation being that "in case of default or contumacy execution for the above approved value ($1,300) may issue, etc."

The remaining question is clear. The claimants have no right to diminish the libellant's recovery upon the stipulation given for safe return, by any amount that might be found due from the libellant to his co-owners, upon an accounting between such owners as to the business of the vessel up to the commencement of the voyage dissented from. In the first place, the court is without jurisdiction to take such an accounting. In the second place, if such a claim could be entertained upon general principles of equity, no equity here appears, as it is not averred that the libellant is insolvent. In the third place, the present is a proceeding upon a supplemental libel to obtain a decree against the parties to the stipulation given for the safe return of this vessel. The matter of the accounts between the owners is wholly foreign to such a demand and what is more, it is a matter between different parties, for among the stipulators are persons who were never owners in the vessel. It is evident, therefore, that the state of the account between these part owners is a matter not material to the present controversy.

The libellant is therefore entitled to a decree against the stipulators upon their stipulation for the amount thereof, to wit, $1,300. He must also recover his costs.